UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE RIVERA,
    *Plaintiff*,

v.

KEVIN MCCRYSTAL, *et al.*,
    *Defendants*.

No. 3:17-cv-46 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Jose Rivera is incarcerated at Willard-Cybulski Correctional Institution. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Nurse Kevin McCrystal, Drs. Johnny Wu, Lauren Geaney, Omprakash Pillai, and Syed Naqvi, and Doctor of Nursing Practice Mary Ellen Castro. Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that the complaint should be dismissed without prejudice on the ground that it fails to state plausible grounds for relief.

### BACKGROUND

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. Plaintiff sustained a gunshot to his left ankle in 2006; since then, he has experienced pain in his ankle for which he has been prescribed pain medication over a period of years. After his pain intensified, medical professionals determined a problem with a screw in plaintiff's ankle, as well as a problem with his tibia and fibula. On April 12, 2016, plaintiff underwent surgery to fix the broken screw, which was successful. But the surgery did not fix plaintiff's tibia issue and resulted in removal of a portion of plaintiff's leg bone without his consent. Plaintiff alleges that he would not have consented to the removal of any bones had he been informed.

Plaintiff also alleges that, as a result of taking pain medication over a series of years, his liver has begun to fail. Various medical professionals have ordered blood tests to determine plaintiff's liver function; tests of August 18, 2015, March 24, 2016, and June 16, 2016, show liver function outside the normal range. After plaintiff complained of other gastrointestinal distress, he was prescribed "lactose," but that did not improve his condition. He asserts that his doctors are not being "seriously proactive" about his liver levels, and that his "liver is in danger of shutting down." Doc. #1 at ¶¶ 30, 34.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* The allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff brings this case under 42 U.S.C. § 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim has two component requirements. The first requirement is objective: the alleged deprivation must be serious. The second requirement is subjective: the charged officials must act with a subjectively reckless state of mind in their denial of medical care. *See Spavone v. New York State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012). If a plaintiff does not allege that a defendant acted purposefully or maliciously to harm him, then a plaintiff must at the least allege that a defendant has acted with deliberate indifference—that is, with awareness that plaintiff would suffer serious harm as a result of the defendant's actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279–80 (2d Cir. 2006). By contrast, allegations of ordinary medical malpractice or negligence do not allege deliberate indifference of a constitutional magnitude and do not suffice to allege a cognizable claim for a violation of the Eighth Amendment. *Ibid.*; *see also Hill v. Curcion*e, 657 F.3d 116, 123 (2d Cir. 2011).

To the extent that plaintiff alleges that he was subjected to medical procedures without giving his informed consent, this claim may be characterized as a claim for a denial of the right to medical information in violation of the Constitution's Due Process Clause. *See Pabon v. Wright*, 459 F.3d 241, 249–53 (2d Cir. 2006). But just as for a claim of cruel and unusual punishment under the Eighth Amendment, a plaintiff who seeks relief for denial of the due

process right to medical information must establish deliberate indifference rather than mere negligence. *Id.* at 251.

Here, no matter what constitutional label is used to describe plaintiff's claim, he does not allege any facts to suggest that any of the defendants acted with deliberate indifference rather than at most simple negligence. Instead, the allegations suggest that medical personnel were actively engaged in the diagnosis and evaluation of plaintiff's ankle and leg condition. Similarly, plaintiff's allegations regarding his possible liver failure and gastrointestinal pain do not rise to the level of deliberate indifference, because plaintiff alleges that defendants have engaged in continuous monitoring of his liver functions, prescribing medications and testing for his gastrointestinal complications. Although plaintiff is understandably upset that he has suffered many medical complications, the facts alleged in his complaint fall well short of showing that any of the named defendants have acted with deliberate indifference to his medical needs.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED. If plaintiff believes in good faith that he is able to allege facts indicating that defendants acted with intentional or deliberate indifference, then he may file a motion to reopen this case along with an amended complaint stating such additional facts as to each named defendant within 30 days of this ruling, or by March 17, 2017. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut, this 15th day of February 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge